UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TRIUNE STAR, INC.,                          )
                                            )
        Plaintiff,                         )
                                            )
v.                                          )   Case No. 07-1256
                                            )
THE WALT DISNEY COMPANY, WDIG               )
MOBILE, LLC (D/B/A DISNEY MOBILE),          )
PANTECH & CURITEL COMMUNICATIONS,           )
INC., PANTECH CO.M LTD., PANTECH            )
WIRELESS, INC., LG ELECTRONICS, and         )
LG ELECTRONICS MOBILECOM USA, INC.,         )
                                            )
        Defendants.                        )

## O R D E R

This matter is now before the Court on a Motion to Dismiss by Defendant The Walt Disney Company ("TWDC"). For the reasons set forth below, TWDC's Motion to Dismiss [#27] is GRANTED.

### BACKGROUND

On September 19, 2000, the United States Patent and Trademark Office issued Patent No. 6,122,521 (the "'521 patent") for a "Telecommunications Locating System."[1] Plaintiff, Triune Star, Inc. ("Triune"), is the owner of all right, title, and interest in the '521 patent.

Triune alleges that Defendants have infringed the '521 patent by making, having made, using, offering for sale and/or selling cellular telephones embodying the invention

---

[1] Unless otherwise noted, the factual assertions contained in this section are taken from the Complaint and presumed to be true for purposes of resolving the pending motions to dismiss.

of the '521 patent.  Such actions were undertaken without authority or license from Triune despite Defendants' knowledge of the '521 patent.

On September 28, 2007, Triune brought this action alleging patent infringement by Defendants.  The Complaint seeks a declaration that Defendants have infringed, induced the infringement of, and contributorily infringed the '521 patent in violation of 35 U.S.C. §§ 271(a-c), enjoining further acts of infringement, and other relief.  TWDC has now moved to dismiss the Complaint, and this Order follows.

**LEGAL STANDARD**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief.  See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993).  Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

## DISCUSSION

TWDC seeks dismissal of the Complaint for lack of personal jurisdiction. The Court has jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Thus, in the present case, this Court can exercise jurisdiction over TWDC only if an Illinois court could exercise jurisdiction. FMC Corp. v. Continental Illinois National Bank, 892 F.2d 1308, 1310 (7th Cir. 1990). The statutory basis for jurisdiction is clear, since the reach of Illinois' long-arm statute, 735 ILCS 5/2-209, was amended to equate with the minimum contact requirements of federal due process in 1989. Id. at 1310-11, n.5. Thus, the inquiry is really whether the exercise of jurisdiction is within constitutional parameters. Dehmlow v. Austin Fireworks, 963 F.2d 941, 945 (7th Cir. 1992); RAR, Inc. V. Turner Diesel Ltd., 107 F.3d 1272, 1275-77 (7th Cir. 1997).

> The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties or relations. By requiring that individuals have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign, the Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 2181-82 (1985) (internal citations and punctuation omitted).

A court must consider whether the assertion of personal jurisdiction over a nonresident defendant would comport with "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 158 (1945).

Factors that may be considered include the burden on the defendant, the forum's interest in adjudicating the dispute, plaintiff's interest in obtaining convenient relief, the interstate system's interest in efficient resolution of controversy, and the interest of the states in furthering substantive social policies. Burger King, 105 S.Ct. at 2184.

In determining whether the exercise of personal jurisdiction is proper, the relationship between the defendant and the forum state must also be considered. Where a forum seeks to assert jurisdiction over a non-resident defendant who has not consented to suit in the forum, this requirement is satisfied if the defendant has "purposely directed his activities at residents of the forum," and the litigation results from injuries related to such activities. Burger King, 105 S.Ct. at 2181-82. "[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state." Id. at 2183. The Supreme Court has held that federal courts may properly exercise jurisdiction over a manufacturer or distributor that makes efforts "to serve directly or indirectly, the market for its product in other states." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 567 (1980). If the corporation "delivers its products [or services] into the stream of commerce with the expectation that they will be purchased by consumers in the forum State," the due process requirements are satisfied and personal jurisdiction is proper. Id.

The Supreme Court's analysis of the minimum contacts required in a stream of commerce scenario was refined in Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 107 S.Ct. 1026 (1987). Although unanimous in outcome, the justices were evenly divided on the proper scope of the minimum contacts rationale. Four justices, led by Justice O'Connor, employed a strict view of the minimum

contacts analysis, finding that placing a product or service into the stream of commerce, without additional conduct indicating an intent or purpose to serve the market in the forum state, is not activity "purposefully directed toward the forum State." Id. at 1032. Writing for another group of four justices, Justice Brennan articulated a more permissive view of minimum contacts which finds placement of a product into the stream of commerce alone sufficient to satisfy due process requirements:

> The stream of commerce refers not to unpredictable currents or eddies, but to the regular and anticipated flow of products from manufacture to distribution to retail sale. As long as a participant in this process is aware that the final product is being marketed in the forum State, the possibility of a lawsuit there cannot come as a surprise. Nor will the litigation present a burden for which there is no corresponding benefit . . . These benefits accrue regardless of whether that participant directly conducts business in the forum State, or engages in additional conduct directed toward that State.

Id. at 1034-35.

Prior to the decision in Asahi, the Seventh Circuit consistently embraced the broader version of minimum contacts in the stream of commerce, as espoused by Justice Brennan. See Mason v. F. LLI Luigi & Franco Dal Maschio Fu G.B., 832 F.2d 383, 386 (7th Cir. 1987); Nelson by Carson v. Park Industries, Inc., 717 F.2d 1120 (7th Cir. 1983), *cert. denied*, 465 U.S. 1024, 104 S.Ct. 1277-78 (1984). The Seventh Circuit continues to find this approach "determinative" since it has not been rejected by a majority of the Supreme Court, refusing to "depart from Court precedent on a belief that present Supreme Court Justices would not readily agree with past Court decisions." Dehmlow, 963 F.2d at 947. Even under this more permissive interpretation of minimum contacts, it is clear that this Court cannot properly exercise personal jurisdiction over TWDC.

TWDC maintains that it does not have purposeful or even minimal contacts with the State of Illinois. TWDC is a Delaware corporation with its principal place of business in California. (Declaration of Marsha Reed, TWDC Vice President, Governance Administration at ¶ 2) TWDC is only registered to do business in Delaware, New York, and California and has its only offices in California and New York; it has not been registered to do business as a foreign corporation in Illinois at any relevant time. Id., at ¶¶ 3-4. It is a holding company and its sole business activities consist of the ownership of stock in a variety of entertainment enterprises. Id., at ¶ 3. TWDC does not: (1) have any offices or other places of business in Illinois; (2) maintain any employees in Illinois; (3) have an appointed agent for service of process in Illinois; (4) own any real property in Illinois; or (5) maintain any telephone listings or bank accounts in Illinois. Id., at ¶ 5. TWDC is not a direct corporate parent of WDIG Mobile, LLC, but rather WDIG Mobile, LLC is a subisdiary of Buena Vista Theatrical Group, Ltd., which is a subsidiary of Disney Enterprises, Inc., which is a subsidiary of TWDC. Id., at ¶ 6. WDIG Mobile, LLC is not an alter ego of TWDC, and TWDC has never made, sold, or provided mobile telephones or mobile telephone services. Id., at ¶¶ 7-8.

Accordingly, it is clear that TWDC has no business contacts with Illinois, and it is well-settled that the business contacts of its subsidiaries are insufficient to establish personal jurisdiction over TWDC. IDS Life Ins. Co. v. SunAmerican Life Ins. Co., 136 F.3d 537, 541 (7th Cir. 1998).

Triune does not dispute any of these jurisdictional assertions. Rather, Triune hangs its hat on its allegations that TWDC "induced infringement and/or contributed to the infringement" of its patent in this district. In support of this assertion, Triune cites Donnelly

Corporation v. Reitter & Schefenacker GmbH & Co. KG, et al., 189 F.Supp.2d 696, 708 (W.D.Mich. 2002), for the proposition that a defendant need not have taken steps to induce an infringement within the forum state so long as it had the specific intent to induce some other entity to infringe the patent in the forum state.

However, an essential element of a claim for active inducement is the defendant's knowledge of the patent in question as well as a basis for the inference that the defendant knew or should have known that its actions would induce actual infringement of that patent. Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 553 (Fed. Cir. 1990); DSU Medical Corp., et al. v. JMS Co., Ltd., et al., 471 F.3d 1293, 1305 (Fed. Cir. 2006). Triune's Complaint is devoid of anything more substantive than the bald assertion of active inducement. "[W]ithout the allegation of any facts supporting it," such an assertion does not satisfy even the minimal pleading requirements of the Federal Rules of Civil Procedure. Coolsavings.com Inc. v. Catalina Marketing Corp., 1999 WL 342431, at *2 (N.D.Ill. May 14, 1999), *citing* Ristvedt-Johnson, Inc. v. Peltz, 1991 WL 255691, at *4 (N.D.Ill. Nov. 18, 1991). Accordingly, Triune's Complaint as it now stands is insufficient to establish personal jurisdiction over TWDC, and TWDC's Motion to Dismiss will be granted.

## **CONCLUSION**

For the reasons set forth above, TWDC's Motion to Dismiss [#27] is GRANTED, and TWDC is dismissed as a party to this litigation. Triune will be afforded the opportunity to file an amended complaint within 14 days after the resolution of all pending motions to

dismiss, but should take care to pursue this opportunity only if it has a good faith basis for believing that the identified deficiencies can be cured.

ENTERED this 14th day of August, 2008.

                                                s/ Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge