UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TRIUNE STAR, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-1256 |
| THE WALT DISNEY COMPANY, WDIG MOBILE, LLC (D/B/A DISNEY MOBILE), PANTECH & CURITEL COMMUNICATIONS, INC., PANTECH CO., LTD., PANTECH WIRELESS INC. LG ELECTRONICS, INC., and LG ELECTRONICS MOBILECOMM USA, INC., | ) |
| Defendants. | ) |

# O R D E R

This matter is now before the Court on Motions for Attorneys' Fees by both WDIG Mobile and the LG and Pantech Defendants, as well as a Bill of Costs by the LG and Pantech Defendants. Plaintiffs have filed their objections to these requests, and this Order follows.

## DISCUSSION

A. COSTS

Having won summary judgment in their favor, the LG and Pantech Defendants have submitted a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking to recover $555.00. WDIG Mobile has filed a separate Bill of Costs that is also in the amount

of $555.00.  "[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  Fed. R. Civ. P. 54(d)(1).  The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920.  See Crawford v. Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).  They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters.  28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party.  See Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997).  "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." Id. (citation omitted).  The losing party must affirmatively demonstrate the prevailing party is not entitled to costs.  See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991).  Here, the Plaintiff does not object to the award of costs.  An award of costs in hereby awarded in favor of the LG and Pantech Defendants in the amount of $555.00, and $555.00 shall also be taxed as costs in favor of WDIG Mobile.

B. ATTORNEYS FEES

Rule 11 allows the imposition of sanctions if a lawsuit is "not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."  CUNA Mutual Insurance Society v. Office and Professional Employees International Union, Local 39, 443 F.3d 556, 560 (7th Cir. 2006).  The Court previously granted Defendants' Motion for Sanctions pursuant to Fed. R. Civ.

P. 11 after finding that any reasonable pre-suit investigation would have revealed that the allegedly infringing devices could not have literally infringed Plaintiff's patent and that the suit was therefore frivolous. The LG and Pantech Defendants have now filed their motion, and a separate motion was filed on behalf of WDIG Mobile. Although Plaintiff's response states that "[f]ees of the magnitude asked for here have ramifications going far beyond the purpose underlying sanctions under Rule 11 and can materially affect the lives of the plaintiff and its counsel," Plaintiffs do not argue or present evidence indicating that they are indigent or financially unable to pay the sanctions that may be awarded.

The reasonableness of a petition for fees is based on consideration of several factors. Hensley v. Eckerhart, 461 U.S.424, 430 (1982). The Court must determine the lodestar amount by multiplying a reasonable number of hours expended by a reasonable hourly rate. Id. This lodestar can be adjusted either upward or downward based on: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is contingent or fixed; (7) time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship between attorney and client; and (12) awards in similar cases. Id.

The party submitting the fee petition has the initial burden of justifying the fees requested and documenting them to the satisfaction of the reviewing court. Id., at 437; Tomazzoli v. Sheedy, 804 F.2d 93, 96 (7th Cir. 1986). Once that burden is met, the fees sought are presumptively appropriate unless challenged by the opposing party. Id. The

reviewing court may not reduce the lodestar arbitrarily, but nevertheless has an independent obligation to scrutinize the legitimacy of a fee petition to determine the reasonableness of the hours requested.  Spellan v. Board of Education for District 111, 59 F.3d 642, 645-46 (7th Cir. 1995).  That being said, a court may reduce the number of hours requested by a lump sum or reasonable percentage "as a practical means of trimming fat from a fee application."  Harper v. City of Chicago Heights, 223 F.3d 593, 605 (7th Cir. 2000).

The Seventh Circuit has clarified that in the context of a sanctions award, this involves not only an assessment of the reasonableness of the fee itself, but also consideration of "the reasonableness of the time expended on the litigation by the prevailing party."  Kathrein v. Monar, 218 Fed.Appx. 530, 532 (7th Cir. 2006), *citing* Szopa v. United States, 460 F.3d 884, 886 (7th Cir. 2006); Budget Rent-A-Car Sys., Inc. v. Consol. Equity LLC, 428 F.3d 717, 718 (7th Cir. 2005).  A party defending against a frivolous filing has "a duty under Rule 11 to mitigate its legal fees and expenses by resolving frivolous issues quickly and efficiently."  Dubisky, 849 F.2d at 1037, *citing* Brown v. Federation of State Medical Boards, 830 F.2d 1429, 1439 (7th Cir. 1987).

Plaintiff objects to the hourly rates charged by defense counsel, citing Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 555 (7th Cir. 1999), in support of its argument that the rates are excessive in light of community standards where this case was pending. (Response at 29)  However, the Seventh Circuit rejected such a mechanical application of the Spegon case in Mathur v. Board of Trustees of Southern Illinois University, 317 F.3d 738, 744 (7th Cir. 2003).  In Mathur, the Court of Appeals held that "if an out of town attorney has a higher hourly rate than local practitioners, district courts should defer to the

out-of-town attorney's rate when calculating the lodestar amount . . . ." Id.  While the rate can be adjusted downward "if local counsel could have provided comparably effective legal services and the rate of the out-of-town practitioner was higher than the local market rate," the Seventh Circuit clarified that the attorney's actual billing rate for comparable work is presumptively appropriate for use as the market rate in computing the lodestar. Id. Finally, "the best evidence of whether attorney's fees are reasonable is whether a party has paid them." Cintas Corp. v. Perry, 517 F.3d 459, 469-70 (7th Cir. 2008).

Here, the defense attorneys' backgrounds clearly indicate that they are highly-qualified, experienced litigators specializing in the area of patent litigation.  In support of their hourly rates, the LG and Pantech Defendants offer the Declaration of Patrick J. Kelleher ("Kelleher") as evidence that the hourly rates charged are consistent with the prevailing hourly rates charged by comparable firms in the Chicago, Illinois area.  Kelleher further states that "[r]esearch indicates that the hourly rates of [the firms'] attorneys are lower than or comparable to those charged for attorneys at firms of comparable size in Chicago." (Kelleher Declaration at ¶ 11)  WDIG Mobile similarly relies on the Declaration of Amy C. Dachtler for her statement that, "Based on information I have reviewed, the fees billed by the Morrison & Foerster LLP attorneys and legal staff are comparable for large Northern California firms with equal expertise in the field of patent litigation."  (Dachtler Declaration at ¶ 15)  Both groups of Defendants also indicate that the fees sought in the petitions were those actually charged to and paid by their clients in connection with this litigation.

Plaintiff cites a Report of the Economic Survey 2007 by the American Intellectual Property law Association Law Practice Management Committee as evidence of the

average fees charged by attorneys specializing in intellectual property law and suggests that this report is somehow conclusive of the rate that should be approved. However, this survey is based on fees that were charged two years prior to the fees incurred in this case. Moreover, this survey actually confirms the reasonableness of the rates charged by the LG and Pantech Defendants' attorneys, as the rates charged in this case are consistent with the rates indicated for attorneys of reasonable experience in the survey. Accordingly, the Court declines the request to reduce the hourly rates of the LG and Pantech Defendants' counsel.

While the rates charged by WDIG Mobile's attorneys are somewhat higher than the rates demonstrated by the AIPLA survey's 2006 data, the Court cannot find that Plaintiff has met its burden of overcoming the presumption that these rates charged represent a reasonable market rate. Attorneys Jacobs and Kim have a combined total of more than 45 years experience in intellectual property litigation. While Attorney Dachtler had only four year's experience in intellectual property litigation, she had special technical training as a chemical engineer prior to becoming a lawyer.[1] Their rates were consistent with the rates charged by comparable attorneys in the San Francisco, CA area. These rates were charged to and paid by the client, and there has been no showing that local counsel could have provided comparably effective legal services. In fact, it should be noted that Plaintiff also chose to employ counsel with expertise in patent litigation from outside of the Peoria area.

---

[1] The Court notes that no specific objection was made to the hourly rate charged by Attorney Riffle, who served as local counsel and was involved in arguments in the litigation not specifically involving patent law.

The rates represented by the AIPLA survey were rates reportedly charged two years prior to the fees incurred in this case. Additionally, the Court must consider the reality that the subject matter of this litigation is such that attorneys practicing it are highly specialized, and the market for legal services in the intellectual property field is a national market, which will reasonably be expected to result in a somewhat higher hourly rate. *See* Jeffboat, LLC v. Director, Office of Workers' Compensation Programs, 553 F.3d 487, 490 (7th Cir. 2009). Accordingly, Plaintiff's request to reduce the hourly rate of these attorneys will be denied, as well.

That being said, the Court must nevertheless ensure that the amount of time spent by counsel was reasonable in this case, as the purpose of Rule 11 is to provide deterrence against baseless litigation; the rule is not intended to function as a fee-shifting statute. Mars Steel Corporation v. Continental Bank, NA, 880 F.2d 928, 932 (7th Cir. 1989). Moreover, fee awards under Rule 11 must generally be limited to "the least amount sufficient to deter repetitious conduct." Divane v. Krull Electric Co., 319 F.3d 307, 312 (7th Cir. 2003). In total, the Defendants are asking for $599,874.74 in fees and other expenses. Although the Court has no reason to doubt that the number of hours claimed were actually spent working on the case or that the itemized expenses were incurred, the Court finds the staggering amounts sought as Rule 11 sanctions in this case to be extremely excessive.

    1.    LG and Pantech Defendants' Motion

LG and Pantech Defendants have requested an award of $299,679.96 in fees and other expenses, $159,750.07 of which represents the amount requested by the LG parties, while the remaining $139,929.89 is sought by the Pantech parties.

Plaintiff criticizes Defendants' introduction of extrinsic evidence through their expert, Dr. William T. Plummer, correctly noting that this evidence was not the basis for the Court's ultimate finding of non-infringement. While the Court cannot say that the inclusion of such evidence was frivolous, the issue of infringement was readily resolvable based on the intrinsic evidence. However, extrinsic evidence, such as that presented in this case, can be properly submitted to provide background information, explaining how a device works, furthering the factfinder's understanding of the technology at issue, or educating the factfinder regarding the meaning of a particular term in the field. Phillips v. AWH Corp., 415 F.3d 1303, 1318 (Fed.Cir. 2005). Here, such evidence did explain how the cameras in question work and furthered the Court's understanding of the technology in issue. The fact that this evidence was not necessary to the Court's ruling on claims construction when viewed in the perfect clarity of hindsight does not mean that it was not reasonably obtained. The Court concludes that the best way to reflect the limited usefulness of this extrinsic evidence to the claims construction issue is to make an appropriate reduction in the attorneys' fees sought for purposes of preparing the Motion for Summary Judgment.

Plaintiff next objects to the $12,000.00 spent in obtaining a post-filing legal opinion from two independent, experienced patent attorneys that the products did not infringe the patent in question. Defendants argue that the opinion was relevant to defend against the claim of willful infringement. With all due respect, the Court disagrees. Given the experience and qualifications of the LG and Pantech Defendants' counsel and the Federal Circuit's admonition in In re: Seagate Technology, LLC, 497 F.3d 1360, 1374 (Fed.Cir. 2007), that there is no affirmative duty to obtain an opinion of counsel to defend against allegations of willfulness, the Court cannot find that the expenditure of $12,000.00 in

obtaining such an opinion was reasonable or that Plaintiff should be expected to bear that cost as part of Rule 11 sanctions. Accordingly, the Court declines to award any compensation for the opinion of counsel.

These Defendants also request reimbursement for certain expenses as part of their fee award that the Court finds must be disallowed. Defendants seek expenses incurred for their clients to come from Korea to their office in Chicago, Illinois for a meeting regarding the case. The Court finds this request to be inappropriate, especially since they were apparently coming to the United States for other purposes, as they spent only one of four days with their attorneys in Chicago. Accordingly, the $2,489.46 sought for this expense will be disallowed. Amounts sought for legal research, copying, printing, bindery, messenger, courier, purchase of reference books, local transportation, and telecommunications services, even if properly recoverable, are presented in such a summary and general manner that the Court is unable to make any assessment of the specific purposes for which these costs/expenses were incurred or whether the amounts were reasonable. It is Defendants' burden to justify the fees/expenses requested and document them to the satisfaction of the reviewing court. Hensley, 421 U.S. at 437; Tomazzoli, 804 F.2d at 96. Failure to meet this burden results in the disallowance of these costs/expenses.

Discovery in this case was quickly narrowed and limited to the single claim construction issue necessary to determine whether Defendants devices had literally infringed Plaintiff's patent. Triune propounded four interrogatories and five document

requests; it produced 615 total pages of documents. WDIG Mobile propounded seven interrogatories, seven document requests, and one request for admission; it produced 160 pages of documents. The LG and Pantech Defendants each propounded four interrogatories and six requests for admission; approximately 850 pages of documents were produced by each of them. No deposition costs were claimed. This is not a situation involving extensive, voluminous, or lengthy written discovery.

Plaintiff objects generally that the hundreds of hours spent by Defense counsel and nearly $300,000.00 in fees and expenses sought by the LG and Pantech Defendants are excessive. The Court agrees. However, Plaintiff does not specify or offer the affidavit of a reviewing expert identifying how these amounts are objectionable, but rather simply contends that the amount of time spent is unreasonable or excessive and makes what appears to be an arbitrary estimate of what would have been reasonable. This makes it extremely difficult for the Court to make an analysis of what would constitute a reasonable amount of time. The Court's task is further complicated by the manner in which the LG and Pantech Defendants submitted their billing records, which makes it difficult to determine with any degree of certainty precisely how much time was spent on any particular task.

The reviewing court may not reduce the lodestar arbitrarily, but nevertheless has an independent obligation to scrutinize the legitimacy of a fee petition to determine the reasonableness of the hours requested. Spellan v. Board of Education for District 111, 59 F.3d 642, 645-46 (7th Cir. 1995). That being said, a court may reduce the number of hours requested by a lump sum or reasonable percentage "as a practical means of trimming fat

from a fee application." Harper v. City of Chicago Heights, 223 F.3d 593, 605 (7th Cir. 2000).

The remainder of the fees sought by counsel was expended in researching/briefing the Motion for Summary Judgment on Infringement, researching/briefing the Motion for Sanctions, and preparing the fee petitions.

> A party defending against a frivolous paper has a duty under Rule 11 to mitigate its legal fees and expenses by resolving frivolous issues quickly and efficiently. Which is to say, "[c]ounsel must mitigate [his] damages by correlating his response, in terms of hours and funds expended, to the merit of the claims."

Divane, 319 F.3d at 321.

The Court acknowledges that the Defendants in this case took actions to limit their injury in responding to a meritless filing. The Pantech and LG parties proceeded under joint representation, and at some point, a joint defense arrangement was entered into by all Defendants. The case proceeded under a limited discovery order intended to put the issue of infringement on a fast-track to resolution. The Defendants repeatedly urged Plaintiff to reconsider its actions in bringing this litigation, but to no avail. The Court therefore finds that it was necessary for Defendants to research and prepare the Motions for Summary Judgment and Motions for Sanctions. That being said, on the Motion for Summary Judgment much of the briefing on extrinsic evidence with respect to claims construction was not helpful in resolving the issue of infringement, which was readily resolved on the intrinsic evidence. Furthermore, the briefs of both the LG and Pantech Defendants and WDIG Mobile presented substantially the same arguments. With the level of expertise of these attorneys, the work performed should have been done more efficiently

and should not have required the extensive amount of research that was apparently performed by more than one attorney and support personnel. The Court would also have expected the joint defense arrangement between the Defendants to have resulted in better coordination of efforts and a reduction in redundant billable hours.

Defendants cite the AIPLA Report for 2007 for the proposition that litigating a patent case in this area through the close of discovery generally ranges from $378,000.00 - $759,000.00, with an entire patent litigation through trial averaging $1.47 million. Compared to this, they claim that their $299,679.96 bill is a bargain. However, Defendants' argument fails to recognize that this case was limited to proceed on a narrow issue on an expedited basis; it never proceeded to full discovery. Again, the parties were operating under a joint defense agreement that should have resulted in greater cost savings and less duplication of effort than an average case.

It is the Court's finding that the number of hours devoted to this litigation by these attorneys, given their experience and knowledge of the legal issues in this case, exceeds what could reasonably be awarded as a Rule 11 sanction. As a result, the Court has determined that a 60% reduction in fees is necessary to bring them into the realm of objective reasonableness under Rule 11 and provide an appropriate deterrent against future abuses. The Court therefore awards $58,359.00[2] in fees and expenses plus

---

[2] This amount represents a 60% reduction in the $140,272.50 in fees sought plus the $2,250.00 in expert expenses allowed.

$555.00 as costs of suit in favor of the LG Defendants, and $56,567.60[3] in fees and expenses in favor of the Pantech Defendants.

  2.  <u>WDIG Mobile's Motion</u>

WDIG Mobile seeks an award of fees and expenses in the amount of $268,843.53, plus an additional $31,351.25 in connection with preparing the fee petition in this case, for a total of $300,194.78, plus costs of suit in the amount of $555.00. The fee petition submitted indicates that the following hours were spent on this litigation by WDIG Mobile's counsel:[4] 112.5 hours on preliminary development and case management, 145.75 hours on discovery, 119.25 hours on the Motion to Dismiss for lack of personal jurisdiction, 178.75 hours on the Motion for Summary Judgment, 68.5 hours on the Motion for Sanctions, and another 90.25 hours in preparing the fee petition itself.

Plaintiff first argues that all of WDIG Mobile's fees seem redundant, making the incredible assertion that "[w]hat is totally unexplained by any of the defendants here is why it was necessary for WDIG to defend this case at all." (Response at 16) The short answer to this question is that WDIG Mobile had to defend the case because Plaintiff named it in the suit. Plaintiff's argument to the contrary is baseless. Plaintiff has not cited and the Court is otherwise unaware of any precedent requiring a defendant to "ride the coattails"

---

[3] This amount represents a 60% reduction in the $135,794.00 in fees sought plus the $2,250.00 in expert expenses allowed.

[4] The Court notes that the hourly amounts charged by WDIG Mobile's local counsel were not divided according to the same categories as those of WDIG Mobile's lead counsel, and the Court has attempted to do so by parsing the billing records attached to the Petition.

of a co-defendant with potentially diverging interests in defending a case rather than conduct its own defense. Id.

Plaintiff next challenges the fees charged as excessive, but does not specify or offer the affidavit of a reviewing expert identifying how these amounts are objectionable. Rather, Plaintiff again simply contends that the amount of time spent is unreasonable or excessive and makes what appears to be an arbitrary estimate of what would have been reasonable. Again, the Court agrees and endeavors to determine what would constitute a reasonable amount of time under the particular circumstances of this case.

Many of the findings made previously with respect to the LG and Pantech parties are equally applicable to the petition filed by WDIG Mobile. Although the same type of efforts were made to focus and expedite the resolution of the litigation and informal requests were made of the Plaintiff, the level of expertise of these attorneys should have resulted in more efficiency and should not have required the extensive amount of research that was performed by not only more than one attorney and paralegal, but also by more than one party, in this case. The case was resolved on an expedited basis and never proceeded to full discovery, and the Court would have expected the joint defense arrangement to have resulted in substantial savings. Rather, both groups of Defendants continued to incur substantial fees.[5]

---

[5] The Court has addressed each fee petition separately, which may have the effect of making the fees and expenses appear less substantial. However, it is worth noting that the Defendants acted pursuant to a joint defense arrangement, and when combined, the Defendants have incurred more than $600,000.00 in fees and expenses during the roughly one year that this case was pending.

Again, the Court has no reason to doubt that all of the claimed fees were incurred. However, that is not equivalent to a finding that counsel was objectively reasonable in incurring such fees or that Plaintiff should be forced to bear this entire burden as a Rule 11 sanction. While the Court concludes that all of the amounts of time claimed by WDIG's counsel are excessive, the Court finds that spending more than 90 hours in preparing a fee petition to be particularly excessive. With all due respect, incurring more than $30,000.00 in fees in drafting a fee petition for an award of Rule 11 sanctions when many sanction awards in their entirety in this circuit do not exceed $30,000.00 borders on unconscionable. Accordingly, after considering the totality of the circumstances in this case, the Court finds that only $5,000.00 will be allowed with respect to filing the fee petition.

The primary distinction between the work done by WDIG Mobile and the LG and Pantech Defendants is that the Disney Defendants justifiably pursued the additional motion to dismiss for lack of personal jurisdiction. After consideration of the totality of the circumstances, the Court finds that a reduction of 55% of the remaining fees for WDIG Mobile is necessary to bring them within the bounds of reasonableness and satisfy the purposes of Rule 11. The Court therefore awards a total of $125, 979.58[6] as attorneys' fees to WDIG as Rule 11 sanctions.

Like the LG and Pantech Defendants, WDIG Mobile also asks the Court to award certain expenses for photocopying, postage and shipping, online legal research, and document retrieval. With the exception of $396.50 to obtain the patent file history, the claim for expenses is presented in such a summary and general manner that the Court is

---

[6] This amount represents a 55% reduction in the $268,843.53 in fees sought plus the additional $5,000.00 in fees allowed for filing the fee petition.

unable to make any assessment of the specific purposes for which these costs/expenses were incurred or whether the amounts were reasonable. WDIG Mobile has failed to meet its burden of justifying the fees/expenses requested and documenting them to the satisfaction of the reviewing court. Hensley, 421 U.S. at 437; Tomazzoli, 804 F.2d at 96. Thus, with the exception of the $396.50 expense incurred in obtaining the patent file history, the remainder of the $6,349.78 in expenses will be disallowed.

## CONCLUSION

For the reasons set forth above, the LG and Pantech Defendants' Motion for Attorneys' Fees [#71] is GRANTED IN PART and DENIED IN PART, and WDIG Mobile's Fee Petition [#73] is GRANTED IN PART and DENIED IN PART. Although the Court's decision would likely have been different had this been a petition for fees pursuant to a fee shifting statute, one must keep in mind that the fee awards in this case are being imposed as Rule 11 sanctions.

The Court awards the LG Defendants $58,359.00 as attorneys' fees and expenses pursuant to Fed. R. Civ. P. 11. Fees and expenses are also awarded in favor of the Pantech Defendants in the amount of $56,567.60. Defendant WDIG Mobile is awarded fees and expenses in the amount of $126,376.08 pursuant to Rule 11. The Court finds that these awards are the least amounts that would be sufficient to deter further misconduct and compensate the Defendants for a reasonable amount of time expended in defending against this frivolous litigation. Costs are awarded in favor of the LG Defendants and against Plaintiff in the amount of $555.00. Costs are also awarded in favor of WDIG Mobile and against Plaintiff in the amount of $555.00. All fees, expenses,

and costs awarded are imposted against both Plaintiff and its counsel and shall be paid within 30 days from the date of this Order.  The Clerk's Office is directed to enter judgment to this effect.

 ENTERED this 22nd day of April, 2009.

           <u>s/ Michael M. Mihm</u>
           Michael M. Mihm
           United States District Judge